Jeffrey Thomas Norberg (SBN 215087)
jnorberg@nealmcdevitt.com
Neal & McDevitt, LLC
2801 Lakeside Drive, Suite 201
Bannockburn, IL 60015
Tel: (847) 881-2468

*Attorneys for Spencer Chen*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| SPENCER CHEN;<br><br>Plaintiff,<br><br>v.<br><br>CDW GOVERNMENT LLC<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF RIGHT OF PUBLICITY, CAL. CIV. CODE § 3344 AND CALIFORNIA COMMON LAW RIGHT OF PUBLICITY**<br><br>**JURY DEMAND** |

Plaintiff, Spencer Chen, ("Chen" or "Plaintiff"), by and through the below signed counsel, files this Complaint against CDW Government LLC ("CDW" or "Defendant") seeking relief for violation of California Civil Code Section 3344. As grounds for this Complaint, Plaintiff states as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint against CDW to put an end to CDW's unauthorized use of Plaintiff's likeness to market and sell its products and services to its customers. CDW recently used a photograph of Plaintiff demonstrating a drone to create a large floor display promoting its products and services on the floor of the International Association of Chiefs of Police ("IACP") conference in Boston in October of 2024.

2. Plaintiff did not authorize CDW to use his image in connection with the floor display, nor would he have. CDW's use of Plaintiff's image in its commercial advertising and promotional materials without his consent violates California's Right of Publicity statute, Cal. Civ. Code § 3344. Plaintiff respectfully requests that this Court enter an order enjoining CDW

from further commercial exploitation of Plaintiff's image and awarding all other available remedies under law and equity.

## PARTIES

3. Plaintiff Spencer Chen is an individual residing in San Jose, California.

4. Defendant CDW Government LLC is an Illinois Limited Liability Company. According to the Illinois Secretary of State website, Defendant's primary place of business is located in Vernon Hills, Illinois.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendant because Defendant has registered with the California Secretary of State to do business in California and has directed the wrongful acts complained of herein at California. Defendant's website lists trade shows it attends in California, including the IACP conference in San Diego from October 14 through 17, 2023.

6. Defendant displayed the unauthorized image of Plaintiff in its floor display at the IACP conference in Boston, which occurred from October 19 through 24, 2024. Defendant's attendance at the prior year's IACP conference in San Diego demonstrates that its marketing activities at the IACP conferences are purposefully directed at California.

7. By attending the 2023 IACP conference in San Diego, and by registering to do business in California, Defendant has expressly targeted customers in California with the products and services that are promoted by the unlawful activity that is the subject of this suit. Defendant has therefore purposefully availed itself of the protections of California, and can reasonably expect to be haled into court there.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and Plaintiff is seeking more than $75,000 in damages.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the photograph used by Defendant to create its unauthorized floor display was taken in Sunnyvale, California, and the injury to Plaintiff is occurring in this District.

**DIVISIONAL ASSIGNMENT**

10. Assignment is proper in the San Jose Division because a substantial part of the events giving rise to the claims occurred in Santa Clara County.

**FACTUAL ALLEGATIONS**

11. Plaintiff is a police officer with the Sunnyvale, California Department of Public Safety. On or about August 29, 2019, Plaintiff was photographed by an unknown photographer demonstrating the use of a drone on a public street at the Sunnyvale Technology Business Expo.

12. Plaintiff was on duty and in his Sunnyvale Department of Public Safety uniform when he was photographed demonstrating the drone.

13. The photograph has been made available by a person or persons unknown to Plaintiff for licensing via a number of websites. For example, the websites www.dreamstime.com and www.alamy.com offer the photograph for licensing: https://www.dreamstime.com/august-sunnyvale-ca-usa-police-officer-presenting-drone-program-technology-business-expo-police-department-has-image157288951 and https://www.alamy.com/august-29-2019-sunnyvale-ca-usa-police-officer-presenting-the-drone-program-at-the-technology-business-expo-the-police-department-has-starte-image267202384.html.

14. The Alamy website notes that the photograph is available "for editorial use only" and the Dreamstime website contains text on the photograph that says it is an "Editorial Stock Photo." Neither website makes any representation that the photograph is available for commercial use, nor does either website represent that the Plaintiff has consented to any commercial use of his image.

15. Plaintiff did not consent to the use of his image for commercial (or any) purposes. Indeed, the policies of Plaintiff's employer prohibit Plaintiff from engaging in any commercial endorsement while in uniform.

16. Notwithstanding Plaintiff's lack of consent, and notwithstanding the photographer's stated limitation that the photograph was limited to "editorial use only," Defendant used the photograph of Plaintiff in a banner floor advertisement at the IACP conference in Boston, Massachusetts from October 19 through 24, 2024. Below is a photograph of the banner advertisement that was taken at the conference:



17. The IACP conference bills itself as "the largest and most impactful law enforcement event of the year—more than 16,000 public safety professionals come to learn new

techniques, advance their knowledge and careers, and equip their department for ongoing success." https://www.theiacpconference.org/

18. Defendant offers drones and related accessories for sale via its website. *See* https://www.cdwg.com/category/electronics/cameras-video-cameras/drones-accessories/?w=EH3.

19. According to Defendant's website, Defendant also sells consulting and IT services to public safety agencies. *See* https://www.cdw.com/content/cdw/en/articles/digitalworkspace/public-safety-agencies-confront-dizzying-array-tech-options.html.

20. The text included on the floor stand, "CDW Make force multiplication happen" shows that Defendant is using Plaintiff's image to promote and sell these services to public safety agencies.

21. In its 2023 Form 10k filed with the SEC, Defendant's parent company reported that the "public" segment of its business earned an annual net profit of $735,000,000. The Form 10k describes the "public" segment of its business as being "comprised of governmental agencies and education and healthcare institutions in the US."

22. In a May 2, 2024 article by *Channel News*, the CEO of Defendant's parent company is quoted discussing the public segment: "Public safety remained a key focus area, with security up substantially double digits."

23. As a "key focus area" of what is a $735,000,000 business segment, on information and belief, Defendant's profits from its sales of accessories and services to public safety departments well exceed this Court's minimum jurisdictional threshold of $75,000.

**FIRST CAUSE OF ACTION: VIOLATION OF CALIFORNIA CIVIL CODE § 3344**

24. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-23 as if fully set forth herein.

25. Defendant knowingly used Plaintiff's likeness in connection with advertising and promoting sales of its products and services to public safety departments.

26. Defendant's use of Plaintiff's likeness was not in connection with a news, public affairs, or sports broadcast or account, or with a political campaign.

27. Plaintiff did not consent to Defendant's use of his likeness.

28. Defendant's commercial use of Plaintiff's likeness without Plaintiff's consent has harmed Plaintiff.

**SECOND CAUSE OF ACTION: VIOLATION OF CALIFORNIA'S COMMON LAW RIGHT OF PUBLICITY**

29. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-23 as if fully set forth herein.

30. Defendant knowingly used Plaintiff's likeness in connection with advertising and promoting sales of its products and services to public safety departments.

31. Defendant's use of Plaintiff's likeness was to Defendant's advantage.

32. Plaintiff did not consent to Defendant's use of his likeness.

33. Defendant's use of Plaintiff's likeness without Plaintiff's consent has harmed Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a. An order preliminarily and permanently enjoining Defendant from using Plaintiff's likeness in connection with its commercial activities;

b. Actual and compensatory damages for harm caused to Plaintiff;

c. Disgorgement of profits Defendant derived from its unauthorized use of Plaintiff's likeness;

d.  An award of reasonable attorney's fees, costs, and disbursements incurred in bringing this action, as provided by law; and

e.  Any other relief this Court deems just and proper, including but not limited to punitive damages and other forms of equitable relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: January 28, 2025         Neal & McDevitt, LLC

By:   /s/ *Jeffrey Thomas Norberg*
      Jeffrey Thomas Norberg
      California State Bar No. 215087
      *Attorney for Plaintiff*